Next case on the morning docket is 517-0055, People v. Hall Is it Haim, A.G. Haim? Okay, um May it please the court My name is Maggie Haim, and I represent petitioner Ms. Tiffany Hall We have two issues raised in the brief, the first being unreasonable assistance, and the second, the substantive merit of one of the ineffective assistance of plea counsel claims I'll be focusing on the unreasonable assistance claim, but I'm happy to take questions on either This case began with a guilty plea in 2008 to five charges arising from two events which took place a couple of days apart in late 2006 In exchange for a guilty plea, Ms. Hall was sentenced to mandatory life in prison, and the state withdrew its intent to seek the death penalty Now in 2013, Ms. Hall filed a pro se post conviction which raised a number of claims in relevant part to this appeal She raised ineffective assistance of plea counsel for failing to adequately investigate her mental health And ineffective assistance of plea counsel for failing to suppress her statements to police When she asked East St. Louis police officers if she could call certain attorneys, and they told her she had to wait until after she spoke to the state police Now the trial court dismissed this petition at the first stage, but this court returned it for second stage proceedings after finding that it exceeded the gist of a constitutional claim This court reached only the claim that Ms. Hall had received ineffective assistance of plea counsel Where Dr. Helbrunner's report was received after the guilty plea, and it in fact indicated that an insanity defense was not entirely foreclosed Now on remand, post conviction counsel was appointed, an amended petition was filed, and a 651C certificate was filed But the court ultimately granted the state's motion to dismiss on timeliest grounds, and because the support was insufficient So the main problem here is that post conviction counsel failed to provide the reasonable assistance which is required by the Post Conviction Hearing Act Rule 651C is designed I don't think we ever get to that, don't we have to disown the three year statute of limitations for it? Your honor, you actually Is there some issues? So you, under People v. Lander, which is a Supreme Court case, it's clear that whether or not reasonable assistance was provided on the underlying merits Is actually the question you have to answer before you get to timeliness So in Lander, the Supreme Court actually found that the petitioner had not shown a lack of culpable negligence But it nonetheless remanded for further second stage proceedings for reasonable assistance on the substantive merit And this is because it's impossible for reviewing courts to know whether or not the limited statutory right to counsel has been provided Unless there has been compliance with the three duties outlined in 651C And the state may also wish to waive timeliness bars if an attorney has presented the merits in such a way that they no longer think it is doing justice To move to dismiss on timeliness grounds So under People v. Lander, the first thing this court should look at is whether reasonable assistance was provided And again, there are three duties in Rule 651C The duty to communicate, the duty to examine relevant records of proceedings, and the duty to make necessary amendments There was a certificate filed in this case However, it was filed before an amendment based on timeliness So there is a question about whether it raises any presumption as to the things that were filed after it But even to the extent it raises a presumption as to the amended petition That presumption can be affirmatively rebutted by the record And a quintessential example of how you might rebut a certificate Is if counsel has to be able to make a routine amendment Which is necessary to get the petition past the second stage And that's just what we have in this case Counsel in the amended petition said that Ms. Hall received ineffective assistance of plea counsel Where plea counsel allowed her to plead guilty despite not fully investigating her mental health The problem is when raising any ineffective assistance of plea counsel claim You have to include the prejudice prong And the prejudice prong, and this comes from Hill v. Lockhart, Peeple v. Hall And then we cited to the third district case where this exact issue came up The prejudice prong is both that The prejudice prong is that the petitioner would have insisted on trial absent counsel's mistake This allegation can be readily fulfilled through an affidavit from the petitioner So it comes from the attorney's client Which is why it's something that we should expect to see in every petition that makes it to the second stage And alleges plea counsel ineffective Here we have an affidavit from Ms. Hall which is attached to the amended petition I believe it just attests that everything in the petition is true But nothing in the petition or in the affidavit includes this important allegation It's noteworthy in this case that the statement's motion to dismiss actually pointed out this oversight And said the trial court should dismiss because there is no prejudice allegation Yet counsel didn't take the time to remedy that problem Even when forced to file a supplementary petition at the court's insistence This is important because there is no harmless error review if one of the Rule 631C duties is rebutted The Supreme Court has repeatedly said there's no harmless error review And they say that there is no harmless error review because it's important that the statutory right be fulfilled It's a limited right, but it comes with specific duties And if those duties aren't fulfilled, the Supreme Court doesn't want appellate courts to have to guess As to what might have happened had counsel done those three duties Now the state doesn't dispute that the prejudice amendment is vital for ineffective assistance of plea claims Instead they argue that this timeliness bar was insurmountable Such that it didn't matter what counsel did or didn't do But this is effectively a quasi-harmlessness argument Which is specifically tied to the time bar But as I already said earlier, Justice Cates, I think People v. Lander makes crystal clear That you still do the merits of the case and the Rule 631 duties relevant to the merits Before you ever get to questioning the time bar Again, in Lander, post-conviction counsel did respond to the timeliness issue And the Supreme Court said there wasn't enough to say that he had shown lack of culpable negligence But they still sent it back because there was not the affirmative showing that he had complied with Rule 651C As to the underlying merits The same happened here As a result, we would argue that this failure alone is enough to send the entire thing back So that Ms. Hall can have an attorney who will work with her on all of the issues Now because timeliness does come up with... So you want a remand for the trial court to appoint new counsel? Yes To file an amended petition? Correct Right, we just want basically what this court did back in 2015 When it sent it down for appointment of counsel We'd ask again that she be sent back now for appointment of new counsel Since there was a breakdown in the relationship here Including Ms. Hall complaining that her ineffective assistance due to failure to suppress her statements to police She complained in court that that had been dropped without an explanation And there was still no explanation given As to where counsel is not expected to bring every claim But if counsel is dropping things because it's factual Investigation leads them to believe they're without merit Keener says how you're supposed to handle that situation And that's to make that clear on the record Instead here we have a clear breakdown in the relationship between Tiffany Hall and her attorney We have a petition that's sent with no prejudice allegation Despite the fact that Ms. Hall was readily available to swear to things Including being in court at various times It didn't need to be an affidavit And then because timeliness does come up a lot in the state's brief I think it's worth noting that counsel's response to the timeliness argument Had its own 651C errors So counsel at first didn't want to respond in writing Despite the fact that counsel was making arguments orally to the court On why the timeliness bar shouldn't bar the petition But the courts generally say if you're making some sort of oral argument to the court Then it should be in your response to the state's motion to dismiss  And he did, but attached to that response were things from the pro se petition And Ms. Hall's unsworn statement So again, you have him trying to use Ms. Hall's words to go forward But not putting them into the appropriate form So that they're competent evidence for the court You also have counsel not including a 2009 letter Which made clear that Ms. Hall didn't know about the misleading advice on the expert opinion Until after she had filed her 2008 motion to withdraw a guilty plea So it shows that she got the report in late 2009 And she was also having trouble getting discovery materials from her attorneys So that 2009 letter shows how long she was trying to put these materials together Despite all of her issues And it also has only Ms. Hall's statements on what it was about her housing issues And her mental health issues that was making it so difficult for her to file on time But it's being put forward in the form of an unsworn statement Instead of an affidavit Before you finish today, I really want you to discuss this other issue I know that you indicated you were going to go on and affect it But we have a split of authority on the third issue in the state of Illinois As regards actual innocence versus a guilty plea Right Just address that please Right, so I think it has very little import in this particular case Because the split deals with the fact that some people raise actual innocence Based on newly discovered evidence Usually it will be something like DNA or someone else confessing to the crime So they won't say, I wouldn't have entered my guilty plea had my attorney been saying So there's no ineffective assistance claim It's just a freestanding actual innocence So my plea attorneys did everything they should do at the time I pled guilty However, here we are 10 years later and brand new evidence has come up That no one could have possibly known about Therefore, even though I'm not faulting my plea attorney I'd still like a shot to prove myself innocent So, if I understand what you're saying The way you just explained it You can't do both You can't say your plea counsel did everything she was supposed to do And then turn around and claim plea counsel was ineffective As she's doing here Well, so it's that It's a particular form of actual innocence is what's coming up in the cases like Reed In this case, we're not pursuing the freestanding actual innocence We're only pursuing that her plea counsel was ineffective Right, because to pursue the actual innocence in this case You'd have to say plea counsel did what they were supposed to do I don't think it's that you have to say that I think it would just be a different type of evidence that's coming up But what's unique about those cases where the split in authority has come up Is because people are trying to bring an actual innocence Without also faulting plea counsel So, they're like, yeah Okay, all right You'll have a few minutes After the state Ms. Stacey Good morning, your honors Your honors, counsel, may it please the court I request the court bear with me under the weather And I'm going to try to get through my comments here today And the state disagrees with the defendant On whether this court needs to look at her culpable negligence Certainly, that was an issue that was front and center for the trial court When the original petition was filed by counsel The trial court directed counsel to go back And address the issue of defendant's culpable negligence Because the Post-Conviction Hearing Act Does contain the three-year statute of limitations And it is a requirement that your petition overcome that burden Of showing why you waited so long to file your petition And in its brief, the state has argued That the defendant has had opportunities to file pleadings Within that three-year deadline But she failed to meet her burden Of showing a lack of culpable negligence And during that three years On September 19, 2008 The defendant filed an untimely motion For leave to withdraw her guilty plea That could have just as easily been A post-conviction petition at that time On November 24, 2008 The clerk file-stamped a letter from defendant Where she had asked about the status of her motion So that's another document she filed with the court So the trial court in this case Properly found culpable negligence on the part of the defendant The record also shows defendant requested To be placed on cottage restrictions And she claims there were threats made against her But certainly not all of these restrictions Were related to threats And these general statements about threats They're really not You really need to give specific reasons Of why you're not able to meet that statute of limitations The three-year deadline And none of these allegations really meet that In a February 15, 2011 treatment note It states Defendant told her counselor I'm fine I know I can't stay cottage restricted forever The defendant could have filed Within a three-year deadline And the trial court found her culpably negligent And even when the defendant was out of protective custody The defense made a big issue of the protective custody She still, once she got out of that protective custody Had 406 days in which she could have filed A post-conviction petition All she needed to do was ensure The bare allegations to meet that gist standard But she did not do that Are you familiar with Peek versus Lander? Peek versus Lander on the prejudice allegation? Yes I'm somewhat familiar with that case I don't believe that the prejudice allegation Is as big of a factor on this case As what counsel raises Because what we're looking at here The defense is still insisting today That the issue she's raising is Effectiveness of plea counsel So the issues we're looking at is Was plea counsel ineffective? Was Ms. Hall culpably negligent? And these were the issues the trial court looked at So those are certainly relevant to why we're here today But I think defense counsel is saying That because you have 651C errors That we are not supposed to look So much at the culpable negligence issue We should go to the merits first Well, I'm not certain we do have 651C errors in this case Could you speak to that? There's no allegation on the prejudice prong, as she said With respect to the amendment To the post-conviction petition And the rule 651C certificate There's been nothing raised that I've seen That indicates there are any errors with It looks to me that post-conviction counsel Did meet with his client Many times what you end up having Is a client who fails to give the attorney The information needed So she could make all these allegations In her post-conviction petition She did not sign that affidavit Certainly that isn't counsel's fault And counsel had to file another amended petition At the direction of the trial court So that he could try to overcome that bar The procedural bar on the statute of limitations issue So the state does not agree that there are issues On the rule 651C certificate Certainly the trial court didn't find any problems With the 651C certificate But in this court in its prior rule 23 order Remanding the matter for second stage proceeding The issue brought up then was Why counsel would recommend taking a plea Prior to receiving all reports from the defense experts And that really gets to the heart of the issue On plea counsel Defendant argues her attorney was ineffective For not waiting a report from Dr. Heilbronner Concerning her sanity But in this case trial counsel's actions Were driven by the defendant In addition trial counsel's actions Were driven by trial strategy Making them immune from claims Of ineffective assistance of counsel Dr. Daniel Cuneo filed an affidavit Indicating that trial counsel Was pursuing two avenues in this case One was fitness the other was sanity The only one that came out on the record Was fitness The issue of sanity was kind of a veiled issue That defense counsel was pursuing At that time So what we find from Dr. Cuneo's affidavit is He indicates he had discussions With both of defendant's death penalty attorneys Dr. Cuneo's affidavit states that during the discussions He unequivocally opined That Ms. Hall was not insane At the time of the alleged offenses And he added a decision was made Not to memorialize such an opinion In a written report Now from a defense attorney perspective There's only one reason You do not want a written report Furnished to you And that is because You've got a duty under Supreme Court Rule 413 To turn all of that over to the state And that's really getting to the heart of this entire issue Defendant's pro se petition averred That attorney Gomerick told her That two other doctors Who had seen her and evaluated her On the issue of sanity Were not submitting written reports Why? Because there was not There wasn't enough wrong with me That's at the common law record at 142 Ms. Hall's petition alleges Attorney Gomerick explained to her That he asked Dr. Resnick Not to write a report Because Dr. Resnick Would not be able to opine In a favorable manner Again there's only one reason For an attorney to say I understand you're doing an evaluation But before you make your written report Please give me a call So we can discuss this And I see Justice Cates smiling I know I'm hitting at the heart of this issue And this is an issue that Somehow didn't seem to get focused on At the trial court level But it's the biggest issue I believe in the case A written report stating Defendant was not insane At the time of the murders Would completely eliminate An insanity defense And given that the defendant Not only confessed to the multiple murders She actually led the police To where she hid the bodies Insanity was ruled out There simply was no other defense In this case This was Attorney Gomerick's Trial strategy He needed to have the defendant Evaluated on the issue of sanity I think he was pretty clever In how he got it done Using a court order For a fitness evaluation To also sneak in An evaluation on the defendant's sanity At the time of the offenses I believe it's extremely effective And it was a way to have her evaluated Without even tipping a hand to the state So my hat is off to him On the work he did This case was a death penalty case The state wanted The pound of flesh on this case We have five people dead So the state was intending To file this case as a death penalty case So insanity was the only defense After that, the focus became Sparing the defendant's life From the death penalty So Attorney Gomerick Was never going to be waiting For a report that he asked Not to have Not only filed He asked them Don't even put it in writing Once it goes in writing You've got to get it to the other side Again, this is classic trial strategy The only defense Sorry, Roger The only defense was to save her life And that is exactly What trial counsel Attempted to do here And did do And the state If there aren't any other questions Respectfully asks you to affirm Thank you, your honors Thank you You made it through very well I'd just like to touch on three things First, the failure to show Lack of culpable negligence I think the showing Of lack of culpable negligence Was not what it should have been There should have been At least an affidavit from Ms. Hall Talking about why it was Her housing, her mental health issues Were interfering with her ability to file But that goes for unreasonable assistance That's unreasonable assistance Of her post-petition counsel Not her plea counsel Right, right And that's not the forms Unreasonable assistance Of her post-conviction counsel I thought we're on unreasonable assistance Of her plea counsel Well, so I was just going to speak about The lack of reasonable assistance And point out Or the lack of culpable negligence And point out I don't think that post-conviction counsel Did the job you should have done And that it further supports Her unreasonable assistance claim However You can also Counsel points to the 2008 Motion to withdraw a guilty plea In a letter that she sent to the court Both of those came before 2009 There's a letter attached to the Pro se petition That shows she didn't get Hillbrenner's report Until 2009 So she did not know That Hillbrenner had left open The possibility that further testing Might show insanity Was a possible defense But What about this Motion to suppress All this insanity issue I get But And I also Was smiling for the record Because when Ms. Stacey indicated That sometimes lawyers don't help with things In writing I've been guilty of that myself Sure But But this motion to suppress That she complains about How could she not have known about that I mean, what about that What do you mean that she didn't know Oh, that it was being given up In her guilty plea Yes Absolutely So our argument is that She didn't know As, you know, a woman with an IQ in the 70s With just a GED education She didn't know at the time of her guilty plea That the fact that she had told the police She wanted to have talked to an attorney And they said You get to talk to an attorney After you talk to the state police She didn't know that was a constitutional violation She didn't know a motion to suppress Was something possible that could be filed And the plea attorneys Are the ones who Would be charged with saying There's a possibility we can get your Statement suppressed And then we can talk about the strength of the state's case Once we try to get that statement suppressed And you're saying that That whole knowledge issue Would have taken More than three years For her to realize That she had a motion to suppress Potentially I mean, you have the fact that she was And everything else here It's hard for me to understand Why she wouldn't have known about that It's both that she would have Learned that that was a constitutional violation That it vitiated The constitutionally over guilty plea And that she was able to get her papers together And get them filed while switching housing to housing While having mental health issues That meant she had a lower tolerance for frustrations We see from all the counseling notes That she is constantly dealing with Her mental health and trying to get better And trying to just get to the point where she can live In general population So I think where the bar on timeliness Is not ordinary negligence But culpable negligence And a conscious disregard I think 16 months is not that long But I think before This court even gets there Counsel mentioned the prejudice allegation And said a lot of times the issue is The client fails to help them out They won't sign the affidavit There is an affidavit attached to the amended petition That was filed that I believe Just says everything in the amended petition is true The problem is how counsel Drafted the amended petition He said Plea counsel was ineffective For allowing Ms. Hall to plead guilty Before And then getting the report Doing a fuller investigation That is not the prejudice allegation That is only The failure to investigate mental health But saying allowing her to plead guilty Doesn't include the idea That she would not have pled guilty Had she known that this Hillbrenner report Was coming And just briefly on this idea Of trial strategy is why Attorneys don't like to have their experts Commit things to reports At the end of the day we do have a report We have the report of Dr. Hillbrenner Which does not foreclose insanity Perhaps Cuneo was going to foreclose Insanity Perhaps Resnick was going to foreclose insanity Hillbrenner said I can't declare that she was Legally insane but I can tell you That mental health issues are the predominant feature Both as to fitness And as to the commission of the crime And here are the list of the things you can do And it wasn't for her attorney To decide to not tell Ms. Hall That that was still out there When she was making the decision To plead guilty to life in prison If there are no further questions Thank you so much Thank you for your audience And take this matter under advisement I wish you a good position And a good report